IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-257-RBJ-BNB

P&A SUBS, INC., BAHMAN POURALI, and MARYAM SHAHBAZ,

    Plaintiffs,

v.

QFA ROYALTIES LLC; QUIZNO'S FRANCHISING II LLC; QCE FINANCE LLC f/k/a QCE PARENT LLC; THE QUIZNO'S MASTER LLC; QIP HOLDER LLC; TQSC II LLC f/k/a TQSC LLC; QCE HOLDING LLC; QZ FINANCE LLC; QCE INCENTIVE LLC; QCE LLC; QUIZNOS FINANCE LLC; QAFT, INC.; AMERICAN FOOD DISTRIBUTORS LLC; SOURCE ONE DISTRIBUTION LLC f/k/a NATIONAL RESTAURANT SUPPLY DISTRIBUTION LLC; S&S EQUIPMENT COMPANY LLC; BA-BING! LLC f/k/a SOURCE ONE SYSTEMS LLC; CHAIN MANAGEMENT SYSTEMS LLC; KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. FULFILLMENT LLC; CONTINENTAL LENDING GROUP LLC; CLG LEASING LLC; THE CERVANTES HOLDING COMPANY; CERVANTES CAPITAL LLC; CERVANTES MASTER LLC; RICHARD E. SCHADEN; RICHARD F. SCHADEN; PATRICK E. MEYERS; STEVEN B. SHAFFER; SYSTEM SERVICES OF AMERICA, INC. f/k/a McCABE'S QUALITY FOODS, INC.; SERVICES GROUP OF AMERICA, INC.; MCLANE COMPANY, INC.; and JOHN DOES 1–50,

    Defendants.

## MOTION TO DISMISS

    Defendants QFA Royalties LLC, Quizno's Franchising II LLC, QCE Finance LLC, The Quizno's Master LLC, QIP Holder LLC, TQSC II LLC, QZ Finance LLC, QCE LLC, QAFT, Inc., American Food Distributors LLC, Source One Distribution LLC, S&S Equipment Company LLC, Ba-Bing! LLC, Chain Management Systems LLC, Kinetic Sourcing Solutions LLC, Continental Lending Group LLC, CLG Leasing LLC ("Quiznos Defendants"), through their counsel, hereby move for an Order dismissing plaintiffs' complaint with prejudice. This

Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), and is based upon the express terms of the parties' written franchise agreement and applicable case law.[1]

## CERTIFICATE OF COMPLIANCE WITH D.C.COLO.LCivR 7.1

Pursuant to D.C.COLO.LCivR 7.1(A), undersigned counsel conferred with counsel for plaintiffs, Jeffrey Cohen.  Mr. Cohen opposes the relief requested in this motion.

## STATEMENT OF THE ARGUMENT

Plaintiffs' complaint should be dismissed with prejudice as to the Quiznos Defendants for the following reasons:

1. The parties' written franchise agreement requires that any action must be commenced within one (1) year from the date on which the party asserting the claim knew or should have known of the facts giving rise to the claim.

2. Plaintiffs allege that they opted-out of a national class settlement that resolved claims identical to those asserted in this action, namely, claims arising out of the sale of food, supplies and equipment to Quiznos franchisees.  In order to have opted-out of the national class settlement, plaintiffs must have received (and in fact did receive) the Notice of Pendency and Proposed Settlement of Class Action approved by the United States District Court in *Siemer, et al. v. The Quizno's Franchise Co. LLC, et al.*, No. 07-CV-2170 (N.D. Ill.), which notice put plaintiffs on actual notice of the existence of the very claims attempted in their complaint here.

---

[1] Because it is referred to in and is central to the complaint, the franchise agreement, a copy of which is annexed hereto as Exhibit A, is properly considered in ruling on the Quiznos Defendants' motion to dismiss.  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (district court may consider document referred to in the complaint if the document is central to the plaintiff's claim and the parties do not dispute the document's authenticity).

3.       Plaintiffs must have received the Notice of Pendency and Proposed Settlement of Class Action prior to January 29, 2010, the date they allege to have been the deadline to opt-out of the national class settlement.

4.       Because plaintiffs knew or should have known of the existence of the claims disclosed in the Notice of Pendency and Proposed Settlement of Class Action more than a year prior to the date on which they filed their complaint in this action, their claims are barred and should be dismissed with prejudice as to the Quiznos Defendants.

## RELEVANT FACTS[2]

Plaintiff Bahman Pourali signed a franchise agreement dated April 24, 2003 to operate a franchised Quiznos restaurant in Orange, California.  (Complaint ["Compl."], ¶¶ 19 and 22).  On January 10, 2004, Pourali transferred and assigned the franchise agreement to plaintiff P&A Subs, a California corporation that was dissolved in 2009.  (Compl., ¶¶ 16 and 21).  Plaintiffs operated that restaurant continuously from the time it opened on May 3, 2004 until they sold the store to a third-party on January 18, 2009, nearly five years later.   (*Id.*, ¶ 23).

Plaintiffs' complaint refers to the "National Class Action Settlement Agreement between Quiznos and certain franchisees."  (Compl., ¶ 200).  That national settlement class was certified by Judge Rebecca Pahlmeyer of the United States District Court for the Northern District of Illinois in *Siemer, et al. v. The Quizno's Franchise Co. LLC, et al.*, No. 07-CV-2170.[3]  *Siemer v.*

---

[2] The allegations of the complaint are taken at face value, as they must be, solely for purposes of this motion to dismiss.  *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

[3] This Court may take judicial notice of and consider the entries and filings in the *Siemer* case in ruling on a Rule 12(b)(6) motion to dismiss.  *Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) (affirming grant of Rule 12(b)(6) motion and approving of district court's having taken judicial notice of entries in other litigation).  *See also Mbaku v. Bank of Am.,* 2013 U.S. Dist. LEXIS 15073, *4 (D. Colo. Feb. 1, 2013) (court may consider documents subject to judicial notice, including court documents and matters of public record).

*The Quizno's Franchise Co. LLC*, No. 07-CV-2170 (N.D. Ill.) [Dkt. 200]. Judge Pahlmeyer preliminarily approved the national class settlement on November 20, 2009. Pursuant to that preliminary approval, a Notice of Pendency and Proposed Settlement of Class Action approved by Judge Pahlmeyer was sent to all settlement class members, including plaintiffs. *Id.*, [Dkt. 200, at 2, ¶ 3].[4] Plaintiffs must have received (and in fact did receive) the Notice of Pendency and Proposed Settlement of Class Action because they allege that they opted-out of the class action settlement, which they could not have done had they not received it. (Compl., ¶ 200). Judge Pahlmeyer gave final approval to the national class settlement on August 13, 2010. *Id.*

## ARGUMENT

A. **Applicable Legal Standard.**

"The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is to test 'the sufficiency of the allegations within the four corners of the complaint.'" *Comprehensive Addiction Treatment Ctr., Inc. v. Leslea*, 2013 U.S. Dist. LEXIS 13322 (D. Colo. Jan. 31, 2013) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). On a motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). In examining a complaint under Rule 12(b)(6), the Court must disregard conclusory statements and look only to whether the remaining

---

[4] A copy of the Notice of Pendency and Proposed Settlement of Class Action is attached hereto as Exhibit B for the Court's convenience.

--4--

factual allegations plausibly suggest the defendant is liable. *Khalik v. United Airlines*, 671 F.3d 1188, 1190-91 (10th Cir. 2012).

### B Plaintiffs' Claims Are Time Barred.

Plaintiffs agreed in their franchise agreement that "any claims between the parties must be commenced within one (1) year from the date on which the party asserting the claim knew or should have known of the facts giving rise to the claim." (Franchise Agreement, Ex. A, ¶ 21.4). The complaint shows that plaintiffs had actual notice of the identical claims asserted in the national class action nearly three (3) full years before commencing this action. Because plaintiffs filed it nearly two (2) years too late, the complaint should be dismissed with prejudice.

It is well settled that under Colorado law "[p]arties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations." *Hepp v. United Airlines, Inc.*, 540 P.2d 1141, 1143 (Colo. App. 1975); *see also Grant Family Farms, Inc. v. Colorado Farm Bureau Mutual Ins. Co.*, 155 P.3d 537, 539 (Colo. App. 2006) (same). Such a limitation "is enforceable, provided that the period in which the action must be brought is reasonable and that the provision has not been waived." *Tri-State Generation & Transmission Association, Inc. v. Union Pacific Railroad Co.*, 2009 U.S. Dist. LEXIS 38772, *7 (D. Colo. Apr. 23, 2009). Moreover, Colorado courts have routinely upheld and enforced one year contractual limitation provisions. *Id.*, 2009 U.S. Dist. LEXIS 38772, *10 (collecting cases).[5]

As set forth in the Notice of Pendency and Proposed Settlement of Class Action, the claims asserted and settled in the national class action included claims that are identical to those

---

[5] The reasonableness of a contractual limitations provision is properly determined as a matter of law. *See Missouri, Kansas & Texas Railway Co. v. Harriman*, 227 U.S. 657, 672, 33 S. Ct. 397 (1913) (reasonableness of contractual limitations period "is a question of law for the determination of the court").

--5--

attempted in plaintiffs' complaint.  The Notice of Pendency and Proposed Settlement of Class Action put plaintiffs on notice that the national class action involved claims brought under "the Racketeer Influenced and Corrupt Organizations Act ('RICO'), the Colorado Consumer Protection Act ('CCPA'), and other laws," and that these alleged violations arose out of  "the alleged sale of food, supplies and equipment to Quiznos Franchisees."  (Notice of Pendency and Proposed Settlement of Class Action, Ex. B, at 2).

The claims asserted in plaintiffs' complaint are the same as those described in the Notice of Pendency and Proposed Settlement of Class Action.  In their complaint, plaintiffs complain about the cost of "food, paper, and other supplies that franchisees were contractually obligated to buy from Quiznos," just as the plaintiffs in the national class case did.  (Compl., ¶ 3).  Plaintiffs here also raise the same claims as those asserted in the national class action and described in the Notice of Pendency and Proposed Settlement of Class Action, including alleged violations of the Colorado equivalent of *RICO* (the Colorado Organized Crime Control Act ("COCCA")), and the CCPA.  And plaintiffs here assert those same claims based on the same complaint against largely the same line-up of defendants as was named in *Siemer*.

Because plaintiffs had actual notice of the very claims asserted in their complaint by January 29, 2010 at the latest, it was incumbent upon them to assert those claims no later than January 29, 2011.  Instead, plaintiffs failed to file their complaint until December 19, 2012, nearly three full years after they had actual notice of their claims and nearly two full years too late.  Their complaint is therefore barred in its entirety and should be dismissed with prejudice.

Nor can any fraudulent inducement theory or claim of "unconscionability" salvage plaintiffs' complaint.  There is no allegation that the limitations provision itself, as opposed to the franchise agreement as a whole, was procured by fraud.  And allegations of fraudulent

inducement directed at the contract as a whole do not vitiate specific contractual remedial provisions. *See, e.g.*, *Riley v. Kingsley Underwriting Agencies*, 969 F.2d 953, 960 (10th Cir. 1992); *Telum v. EF Hutton*, 859 F.2d 835, 837-38 (10th Cir. 1988); *Edge Telecom v. Sterling Bank*, 143 P.3d 1155, 1162 (Colo. App. 2006).

The *ipse dixit* claim of "unconscionability" is equally unavailing. "People should be entitled to contract on their own terms without the indulgence of paternalism by courts in the alleviation of one side or another from the effects of a bad bargain." *Lincoln General Ins. Co. v. Bailey*, 224 P.3d 336, 341 (Colo. App. 2009). Contractual limitations provisions must be enforced so long as they are reasonable, and the limitation provision here is inarguably reasonable, especially given that the claims in the national class action of which they had actual notice nearly three years before they saw fit to sue provided a veritable roadmap for the drafting of their own complaint.

"Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence." *Wood v. Carpenter*, 101 U.S. (11 Otto) 135, 139 (1879). They reflect a balancing of "the interests in favor of protecting valid claims" and "the interests in prohibiting the prosecution of stale ones." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975). Plaintiffs elected to opt out of the national settlement three years ago. Whatever tactical advantage they may have perceived by delaying, their contractual obligation to assert claims within one year bars them from asserting their stale claims now.

## CONCLUSION

For the foregoing reasons, the Quiznos Defendants respectfully request the Court dismiss with prejudice plaintiffs' complaint as to them, and award them their costs and expenses,

including attorneys' fees, incurred in connection herewith.

Respectfully submitted this 7th day of February, 2013

HOGAN LOVELLS US LLP

*s/ Chantell Taylor*
Chantell Taylor, #33059
Emily M. Lyons, #41522
1200 Seventeenth Street, Suite 1500
Denver, CO 80202
Telephone:   (303) 899-7300
Facsimile:    (303) 899-7333
E-mail:chantell.taylor@hoganlovells.com
         emily.lyons@hoganlovells.com

-- and –

Fredric A. Cohen, IL ARDC #6198606
CHENG COHEN LLC
311 North Aberdeen Street, Suite 400
Chicago, IL 60607
Telephone:   (312) 243-1701
Facsimile:    (312) 277-3961
Email:   fredric.cohen@chengcohen.com

Attorneys for Movants

--8--

## CERTIFICATE OF SERVICE

I hereby certify that on February 7th, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jeffrey Cohen
cohenj@ballardspahr.com

Leslie A. Eaton
eaton@ballardspahr.com

Scott S. Humphreys
humphreyss@ballardspahr.com

Bruce S. Bennett
bbennett@jonesday.com

Christopher J. Lovrien
cjlovrien@jonesday.com

Jess A. Dance
jdance@perkinscoie.com

Leonard H. MacPhee
lmacphee@perkinscoie.com

Michael E. Lindsay
mlindsay@swlaw.com

Bruce A. Lampert
blampert@lklm-law.com

Frederic A. Cohen
fredric.cohen@chengcohen.com

*s/ Chantell Taylor*