# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00257-RBJ-BNB

P&A SUBS, INC., BAHMAN POURALI, and MARYAM SHAHBAZ

      Plaintiffs,

v.

QFA ROYALTIES LLC; QUIZNO'S FRANCHISING II LLC; QCE FINANCE LLC f/k/a QCE PARENT LLC; THE QUIZNO'S MASTER LLC; QIP HOLDER LLC; TQSC II LLC f/k/a TQSC LLC; QCE HOLDING LLC; QZ FINANCE LLC; QCE INCENTIVE LLC; QCE LLC; QUIZNOS FINANCE LLC; QAFT, INC.; AMERICAN FOOD DISTRIBUTORS LLC; SOURCE ONE DISTRIBUTION LLC f/k/a NATIONAL RESTAURANT SUPPLY DISTRIBUTION LLC; S&S EQUIPMENT COMPANY LLC; BA-BING! LLC f/k/a SOURCE ONE SYSTEMS LLC; CHAIN MANAGEMENT SYSTEMS LLC; KINETIC SOURCING SOLUTIONS LLC f/k/a U.S. FULFILLMENT LLC; CONTINENTAL LENDING GROUP LLC; CLG LEASING LLC; THE CERVANTES HOLDING COMPANY; CERVANTES CAPITAL LLC; CERVANTES MASTER LLC; RICHARD E. SCHADEN; RICHARD F. SCHADEN; PATRICK E. MEYERS; STEVEN B. SHAFFER; SYSTEM SERVICES OF AMERICA, INC. f/k/a McCABE'S QUALITY FOODS, INC.; SERVICES GROUP OF AMERICA, INC.; MCLANE COMPANY, INC.; and JOHN DOES 1–50.

      Defendants.

---

## MOTION TO REMAND

---

      Plaintiffs, through undersigned counsel, pursuant to 28 U.S.C. § 1447(c), hereby move this Court for entry of an Order to remand this action for lack of subject matter jurisdiction.  This Motion is made in defense of the Notice of Removal filed by Defendant Patrick Meyers ("Meyers") dated January 30/31, 2103, [Docket #1]

Plaintiffs request that this action be remanded to District Court for the City and County of Denver, Colorado.  Plaintiffs also seek an award of their costs and attorney fees incurred to prepare this Motion to respond to an unreasonable Notice of Removal.

Plaintiffs state the following additional grounds for this Motion to Remand:

**Certificate Of Compliance With D.C.COLO.LCivR 7.1(A)**

Undersigned counsel for Plaintiffs certifies that prior to filing this Motion to Remand undersigned counsel conferred with counsel for Defendant Patrick Meyers regarding this Motion.  Specifically, undersigned counsel had a telephone conversation with counsel for Defendant Meyers on February 11, 2013, in which undersigned counsel discussed a February 8, 2013 Order of Remand entered *sua sponte* by Hon. Philip A. Brimmer in a related case in which Defendant filed a Notice of Removal.  Undersigned counsel asked if Defendant Meyers would withdraw his Notice of Removal in this case in light of the related case Remand Order.  Undersigned counsel was advised that Defendant Meyers will not withdraw his Notice of Removal in this case.

**MOTION TO REMAND**

BACKGROUND AND PROCEDURAL HISTORY

1.    Plaintiffs are current and former franchisees of Quiznos toasted submarine sandwich shop restaurant chain.

2.    Defendants are a web of affiliated entities, owners, and individuals (collectively "Defendants" or "Quiznos") who control and operate the Quiznos franchise system and, through an illegal and deceptive business scheme, have bilked

their franchisees, including Plaintiffs, out of hundreds of millions of dollars, leaving

them in financial ruin.

3.      Plaintiffs initiated this action in District Court, City and County of

Denver, Colorado by filing their Complaint on December 19, 2012.

4.      None of the claims in Plaintiffs' Complaint arise under federal law.

Instead, the Complaint asserts claims under Colorado state statutes, including

violations of the Colorado Organized Crime Control Act ("COCCA"), the Colorado

Consumer Protection Act ("CCPA"), the Colorado Civil Theft Act, and the Colorado

Uniform Fraudulent Transfer Act.  The Complaint also asserts state common-law

claims, including breach of contract, breach of the covenant of good faith and fair

dealing, unjust enrichment, negligent misrepresentation, and various fraud claims.

5.      Nevertheless, Defendant Patrick E. Meyers ("Meyers") filed a Notice of

Removal on January 31, 2013, incorrectly asserting that federal question jurisdiction

exists in this Court.  Defendant Meyers further incorrectly asserts that this Court has

supplemental jurisdiction under 28 U.S.C. § 1367.

6.      Defendant Meyers also filed Notices of Removal in nine (9) other actions

that are related to the present action.[1]   The related cases were brought by Quiznos

---

[1] The nine related actions are:

    *Ranjer Foods, LC, et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00256-PAB
    *Avengers, Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00248-MSK-MJW
    *Jammu Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-250-REB-KMT
    *MMXII, Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00253-MSK-BNB
    *Sweet Pickle Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00255-WJM-KLM

(continued...)

franchisee Plaintiffs similarly situated to the Plaintiffs in this action, and the Complaints in the related actions assert exactly the same claims against the same Defendants.

7.     As of the date and time of filing of this Motion, three of the related actions have been remanded for lack of subject matter jurisdiction.   On February 8, 2013, Hon. Philip A. Brimmer entered, *sua sponte*,  an Order of remand in *Ranjer Foods, LC, et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00256-PAB, at Dkt. #15 (the "Remand Order").  A copy of the Remand Order is attached hereto as Exhibit A.   On February 11, 2013, Hon. Marcia S. Krieger entered, *sua sponte,* Orders of remand in *Viadeli, Inc. et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00264-MSK, at Dkt. #11 and *PTSak, LLC, et al. v. QFA Royalties, LLC, et al.,* Civil Action No. 13-cv-00265 at Dkt. #13.  A copy of each of these Orders is attached as Exhibit B.

8.     It is Plaintiffs' position that the findings and conclusions set out in the Remand Orders entered by Hon. Philip A. Brimmer and Hon. Marcia S. Krieger are equally applicable to Defendant Meyers' Notice of Removal in this action.  Plaintiffs' remand arguments set forth below track the findings and conclusions in the Remand Orders that have been entered in related cases.

9.     This Motion to Remand is timely filed within thirty (30) days of the Notice of Removal in compliance with  28 U.S.C. § 1447(c).

---

(...continued)
     *P&A Subs, Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00257-RBJ-BNB
     *MB Light House, Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00263-CMA-CBS
     *Viadeli Inc., et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00264-MSK-MJW
     *PT Sak, LLC, et al. v. QFA Royalties LLC, et al.,* Civil Action No. 13-cv-00265-MSK-MEH

ARGUMENT

**A.  Removal Standard.**

Subject matter jurisdiction "must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012). "Federal courts are 'courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)); *see also Mulholland v. Subaru of Am., Inc.*, 620 F. Supp. 2d 1261, 1265 (D. Colo. 2009).

Federal question jurisdiction may be invoked only "'by plaintiffs pleading a cause of action created by federal law'" or when "'state-law claims . . . implicate significant federal issues.'" *Mulholland*, 620 F. Supp. 2d at 1265 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)); *Devon Energy*, 693 F.3d at 1203-04.

The burden of establishing jurisdiction "'rests upon the party asserting jurisdiction.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  An action must be remanded to state court if at any point there is no basis for an exercise of subject matter jurisdiction.  *Firstenberg*, 696 F.3d at 1020.

As shown below, Defendant Patrick Meyer has failed to and cannot meet his burden to establish the existence of subject matter jurisdiction over Plaintiffs' claims.

Thus, this action should be remanded to Colorado state court for all further proceedings and adjudication.

**B.  Remand is Necessary Because The Complaint Asserts Only State Law Claims.**

Plaintiffs' Complaint contains <u>no</u> causes of action brought under federal law. Instead, on its face, the Complaint contains claims brought under several Colorado state statutes, and various state common law claims.  None of Plaintiffs' claims are preempted by federal law.[2]

**C.  There Are No Disputed Federal Issues Embedded in Plaintiffs' State Law Claims Sufficient to Support an Exercise of Subject Matter Jurisdiction.**

Only an "exceedingly narrow" category of state law claims, those which "rest[] on a substantial and disputed issue of federal law," are sufficient to confer federal question jurisdiction.  *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012); *see also Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (holding that question of federal government reimbursement to health insurance carrier was not part of the "special and small category" of state law claims that warrant federal question jurisdiction).

"[T]o establish federal-question jurisdiction . . . a state-law claim (1) must necessarily raise a federal claim that is both (2) actually disputed and (3) substantial;

---

[2]    The Notice of Removal does not argue preemption.  The Franchise Rule promulgated by the FTC does not preempt state-law claims.  *See Colorado Coffee Bean, LLC v. Peaberry Coffee Inc.*, 251 P.3d 9, 23 (Colo. Ct. App. 2010).  Similarly, Plaintiffs' claims for violation of COCCA do not rely on any pervasive federal statutory scheme that could preempt state law claims.

and (4) that may be resolved in a federal forum without disturbing the balance of federal and state judicial responsibilities." *Devon Energy*, 693 F.3d at 1208. Thus, federal question jurisdiction does not exist unless, "it was *necessary* for the court to interpret a disputed issue of federal law." *Devon Energy*, 693 F.3d at 1211 (citing *Grable & Sons*, 545 U.S. at 315).

To determine whether or not an issue of federal law is "'necessarily' raised, the Supreme Court has focused on whether the issue is an 'essential element' of a plaintiff's claim." *Gilmore*, 694 F.3d at 1173 (citing *Grable & Sons*, 545 U.S. at 315). By contrast, when the federal controversy is "collateral" and "merely possible," there is no federal question jurisdiction. *Id.* at 1175.

Importantly, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The relevant question is "'does [the] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Devon Energy*, 693 F.3d at 1201 (citing *Grable & Sons*, 545 U.S. at 314.) Here, the answer to the relevant question is "no."

The mere reference in Plaintiffs' Complaint in this action to Quiznos' Uniform Franchise Offering Circular ("UFOC") does not necessarily require the Court to

interpret the Franchise Rule promulgated by the Federal Trade Commission.[3]   There is no need for the court to interpret the FTC Franchising Rule in order to determine whether Defendants violated Colorado common-law governing fraud and negligent misrepresentation.   The only implication of Quiznos' UFOC is that it may be among the documents presented as evidence of Defendants' deception of Plaintiffs.

Likewise, Plaintiffs' COCCA claims will not necessarily require the court to interpret federal law.   Colorado courts and courts in other jurisdictions have specifically held that violations of state racketeering laws predicated on violations of federal law do not support federal question jurisdiction, particularly when none of the claims rely exclusively on federal law for the predicate acts in question.   *Gardiner v. St. Croix Dist. Governing Bd. of Dir.*, 859 F. Supp. 2d 728, 739 (D. V.I. 2012) (no federal question jurisdiction for state RICO claims predicated on violation of federal mail and wire fraud statutes because interpretation of those statutes was not in dispute); *Meinders v. REFCO Sec., Inc.*, 865 F. Supp. 721, 723 (D. Colo. 1994); *Todd Holding Co. v. Super Valu Stores, Inc.*, 744 F.Supp. 1025, 1026 (D. Colo.1990); *see also* Order at 8.

Because there are no substantial and disputed issues of federal law embedded in Plaintiffs' state law claims, there is no basis for an exercise of federal question jurisdiction and this action should be remanded.

---

[3]     Without any support in the Complaint, Defendant's Notice of Removal alleges that the Court will be required to interpret how the FTCA interacts with the federal criminal mail and wire fraud statutes.  Notice of Removal at ¶ 18.  There is no basis in Plaintiffs' Complaint for this assertion.

**D. None of the Federal Laws Defendant Claims Are Implicated Provides a Private Right of Action.**

The absence of a private right of action is evidence that Congress did not intend for a federal law to serve as the basis for federal jurisdiction in a private lawsuit.   *See Merrell Dow*, 478 U.S. at 812.

In the Notice of Removal, Defendant Meyers admits, as he must, that there is no private cause of action for a violation of the FTC Franchise Rule.  (Notice of Removal at 6).  S*ee, e.g. Sandoz Pharm. Corp. v. Tichardson-Vicks, Inc.,* 902 F.2d 222, 231 (3d. Cir. 1990) Likewise, there is no private right of action for violations of federal mail fraud statutes.  <u>See</u> 18 U.S.C. §§  1341, 1343, 1344, 1957; *see also Todd Holding*, 744 F.Supp. at 1026 (no federal question jurisdiction on COCCA claim because there is no federal private right of action for violation of the federal mail and wire fraud statutes).   The only private right of action under the Perishable Agricultural Commodities Act "PACA" is limited only to a right of action by a trust beneficiary and is not applicable here.  7 U.S.C § 499e; *Sweet Ones, Inc. v. Mercantile Bank of Michigan*, No. 1:09-cv-1092, 2010 U.S. Dist. LEXIS 39980 at * 10 (W.D. Mich., April 23, 2010).

Under these circumstances, where Congress did not provide a private right of action to Plaintiffs, extending federal jurisdiction to the claims asserted in Plaintiffs' Complaint is inappropriate because it would, "materially affect, or threaten to affect, the normal currents of litigation."  *Grable*, 545 U.S. at 319.

**E. Defendant's Reliance on the *Ayres* Case is Misplaced.**

Ignoring the plain language of the Complaint and authorities limiting this Court's subject matter jurisdiction, Defendant Meyers urges this Court to exercise jurisdiction under circumstances where jurisdiction plainly does not exist. Besides *Grable & Sons*, the only case law Defendant points to in support of position is *Ayres v. Gen. Motors Corp.*, 234 F.3d 514 (11th Cir. 2000). *Ayres* is not applicable.

First, *Ayers* pre-dates *Grable & Sons*. Second, *Ayres* permitted removal in very limited circumstances under a specific set of completely distinguishable facts. In *Ayers*, the sole basis for violation of federal mail and wire fraud statutes rested on whether or not the Federal Motor Vehicle Safety Act created an independent duty on automobile manufacturers to disclose safety defects. *Id.* at 517. In contrast, Plaintiffs here have alleged myriad predicate acts, and Plaintiffs' claims will not require the Court to analyze the interaction of two federal statutes. *See* Remand Order at 8-9.

Defendant Meyers also fails to mention that this Court expressly declined to follow *Ayers* case in *Mulholland*, even though violation of the FMVSA was a predicate act to the Plaintiffs' CCPA claim in that case. *Mulholland*, 620 F. Supp. 2d at 1266.

Because *Ayers* provides no basis for this Court to exercise federal question jurisdiction, this case should be remanded to Colorado state court.

**F.  There is No Proper Basis for an Exercise of Supplemental Jurisdiction.**

First, because there are no issues of federal law, the Court lacks subject matter jurisdiction, and therefore cannot exercise supplemental jurisdiction over Plaintiffs' claims.  18 U.S.C. §  1367.

Second, an exercise of supplemental jurisdiction is not appropriate where, as here, state-law issues predominate, or when an exercise of supplemental jurisdiction would cause "a substantial expansion . . . beyond that necessary and relevant to the federal claim," the court should decline to exercise supplemental jurisdiction.  28 U.S.C. § 1367; *James v. Sun Glass Hut of California, Inc.*, 799 F. Supp. 1083, 1085 (D. Colo. 1992).

**G.  Plaintiffs Request An Award Of Attorneys Fees And Costs to Respond to an Unreasonable Notice Of Removal.**

Plaintiffs request that they be awarded their costs and attorneys' fees incurred in responding to Defendant Meyers' Notice of Removal pursuant to 28 U.S.C. § 1447(c) because the Notice of Removal is objectively unreasonable.  *See Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010).

Plaintiffs' Complaint asserts no causes of action under federal law, and raises no actual disputed issues of federal law.  It is well established that the mere mention in Plaintiffs' Complaint of several federal laws is entirely insufficient to support federal question jurisdiction.

Defendant Meyers cited only two cases, both inapplicable, in support of the Notice of Removal.  The cases Defendant relies upon are directly contrary to the myriad of controlling cases cited herein by Plaintiffs that support remand.

Even more egregious, Defendant Meyers refused to consent to remand even after an Order of Remand was entered *sua sponte* in a related case.

WHEREFORE, for the reasons set forth above, Plaintiffs request that this Court enter an Order of Remand of this action to District Court, City and County of Denver, Colorado for all further proceedings.  Plaintiffs further request that they be awarded their costs and attorneys' fees incurred in connection with this Motion to Remand, and such further relief as the Court deems appropriate.

DATED this 11th day of February 2013.

Respectfully submitted,

BALLARD SPAHR LLP

s/  Jeffrey Cohen
Jeffrey Cohen, Esq. #10876
Leslie Eaton, Esq. #17791
Scott Humphreys, Esq. #41723
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO  80202
Phone:  303-292-2400
Facsimile:  303-296-3956
cohenj@ballardspahr.com
eaton@ballardspahr.com
humphreyss@ballardspahr.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2013, a copy of the foregoing **MOTION TO REMAND** was filed electronically via the CM/ECF system, sending notification of such filing to the following:

Leonard H. MacPhee
Jess A. Dance
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO 80202
Telephone: (303) 291-2300
Facsimile: (303) 291-2400
Email: lmacphee@perkinscoie.com
        jdance@perkinscoie.com

Bruce A. Lampert
Katzman, Lampert & McCune
8501 Turnpike Dr., Suite 211
Westminster, CO 80031
Telephone: (303) 465-3663
Facsimile: (303) 465-3884
Email: BLampert@klm-law.com

Bruce Bennett
Christopher Lovrien
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Email: bbennett@jonesday.com
        cjlovrien@jonesday.com

Michael E. Lindsay
Christine M. Garrison
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020
E-mail: mlindsay@swlaw.com
        cgarrison@swlaw.com

Chantell LeAnn Marie Taylor
Emily Mary Lyons
Hogan Lovells LLP
1200 Seventeenth Street
One Tabor Center, Suite 1500
Denver, CO 80202
303-899-7300
Email: chantell.taylor@hoganlovells.com
        emily.lyons@hoganlovells.com

**Attorneys for Defendants**

s/ Katsiaryna H. Moses
Katsiaryna H. Moses